FILED
2019 Oct-31 PM 01:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRIAN TIMOTHY RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-00165-LSC-SGC |
| | ) | |
| WILLIAM FREEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The magistrate judge filed a report on June 14, 2019, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 15). The plaintiff has filed a "Motion to Vacate Recommendation," which the court construes as objections to the report and recommendation. (Doc. 17).

The plaintiff objects to the dismissal of his claims as time-barred because he has no access to legal materials in the Madison County Jail and "those that are sent in mysteriously disappear." (*Id.* at 1). The plaintiff also contends he "first filed in the Honorable Courts in August of 2018 and November of 2018, but both times after checking with the Clerk of Court's Office, he was told his motions or pleadings were never received." (*Id.*). Finally, the plaintiff declares "he was told that 'weekends and holidays' do not count" toward the running of the statute of limitations and thus

he believed he had "104 weekends of time not to mention holidays" to file this action. (*Id.* at 2).

Through his objections the plaintiff argues the court should equitably toll the statute of limitations. When a federal statute borrows a state statute of limitations period, as with § 1983 claims, the corresponding state tolling rules are borrowed as well. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 517 U.S. 99, 116 (2013) (citing *Bd. of Regents of Univ. of State of N.Y. v. Tomanio,* 446 U.S. 478, 484 (1980) (in § 1983 actions "a state statute of limitations and the coordinate tolling rules" are "binding rules of law")). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Weaver v. Firestone*, 115 So. 3d 952, 957 (Ala. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Extraordinary circumstances" are matters beyond the plaintiff's "control and unavoidable even with the exercise of due diligence." *Id.*

The plaintiff has not shown that extraordinary circumstances prevented his timely filing of this action despite diligent pursuit of his rights. The plaintiff knew of his injuries between November 26 and December 2, 2016; his release from Madison County Jail on the latter date provided him ample opportunity to access the legal materials allegedly unavailable to him during his most recent stint in jail. The plaintiff's allegations that he attempted to file this action in August and November

2018 but was informed by a Clerk that the filings had not been received, are vague and unsupported by any corroborative documentation. The vague assertions do not justify the plaintiff's failure to sign the complaint in the action until January 17, 2019. Additionally:

> the law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board,* 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."). Further, neither an alleged inadequate prison law library nor limited access thereto establishes extraordinary circumstances warranting an equitable tolling of the limitation period. *Felder,* 204 F.3d at 171; *Marsh,* 223 F.3d at 1220.

*Dollar v. Russell Cty. Sheriff's Office*, No. 11-0336, 2011 WL 2443668 at *1–2 (M.D. Ala. May 18, 2011), *report and recommendation adopted* 2011 WL 2441073 (June 17, 2011).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the magistrate judge's report is **ADOPTED** and the recommendation is

3

**ACCEPTED**. Therefore, in accordance with § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

**DONE** AND **ORDERED** ON October 31, 2019.

> _____
> L. SCOTT COOGLER
> UNITED STATES DISTRICT JUDGE
>
> 160704